UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**FRANCISCO X. FERNANDEZ**

    **Plaintiff,**

vs.                                                                              Civil Action No.

**ALBERTO GONZALES**
**U.S. DEPARTMENT OF JUSTICE,**           **COMPLAINT AND JURY DEMAND**
**In his official capacity,**

    **Defendant.**

_____/

Plaintiff, FRANCISCO X. FERNANDEZ, residing at 10 Brick Mill Circle, Middletown, Delaware, hereby files this Complaint, *pro-se*, pending application to court for counsel, and sues Defendant ALBERTO GONZALES, the Attorney General and Agency Head of the United States Department of Justice, in his official capacity, and states as follows:

## INTRODUCTION

1. This action is brought to remedy discrimination on the basis of national origin (Hispanic), for the terms, conditions, and privileges of employment, to remedy retaliation against an employee for activity protected under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000 et.seq.; the Civil Rights Act of 1991, 42 U.S. C. 1981; for declaratory relief, damages and other appropriate legal and equitable relief sought pursuant to 42 U.S. C. 2000e. Plaintiff further claims disparate impact caused by an unlawful selection device utilized by agency with regards to the promotion process for Grades 14, in violation of Title VII.

2. Plaintiff is also bringing action for violation of plaintiff's First Amendment Rights. Plaintiff will seek to amend this Complaint to include discrimination based on age, upon receipt of documentation held by Agency, DEA.

3. The foregoing violations of Title VII are based on the unlawful treatment of Plaintiff by his employer, the United Department of Justice, Drug Enforcement Administration (DOJ-DEA), an executive agency of the U.S. Government, and their respective employees, senior managers involved in the selection process for promotions to GS 14 (Supervisory Criminal Investigator). Plaintiff has been subjected to discrimination in the terms and conditions of his employment with the DOJ-DEA on the basis of his national origin (Hispanic), and for his involvement in protected equal employment opportunity activity (prior EEO activity), and for expressing his concerns of the disparate, discriminatory animus of the DEA promotional system.

4. As a result of the practices of the DOJ-DEA, Plaintiff has suffered systematic violation of his right to be free from discrimination in employment on the basis of his national origin, involvement in a protected activity, expressing his First Amendment Right to freedom of speech, and his right to be free from intimidation in the exercise of these rights. In addition, Plaintiff will argue that a selection device utilized by agency managers to decide employment actions (promotions), is subjective in nature, and thus violates Title VII which prohibits "artificial, arbitrary, and unnecessary employer created barriers to professional development that have a discriminatory impact on individuals."

5. This Complaint seeks equitable and monetary relief for FERNANDEZ, including but not limited to a promotion to Grade 14, back pay, pension benefits, attorney's fees, compensatory damages, costs of this suit, and all other legal and equitable relief to which he is entitled to for the denial of equal employment opportunity and unlawful practices by defendant including but not limited to the facts presented in this complaint.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1343 and 1346, 42 U.S.C. §12133, 42 U.S.C. §2000e-16(d), and 29 U.S.C. §794(a). Jurisdiction is requested of this court of any civil action arising under the laws of the United States, and to recover damages or secure equitable relief under any Act of Congress providing for the protection of civil rights, under the Declaratory Judgment Statute, 28 U.S.C. 2201 and 2202, under 42 U.S.C. 1981, and under Title VII, 42 U.S.C. 2000e, et seq, and for violation of First Amendment Rights.

6. Venue properly lies in the District of Delaware pursuant to 42 U.S.C. 2000e – r (f)(3) because the Plaintiff was and is currently employed by the DOJ-DEA, a U.S. Government Agency, with offices in Dover and Wilmington, Delaware.  The Plaintiff is currently working at the DOJ-DEA Dover Office.

7. Plaintiff has fulfilled all conditions precedent to the institution of this action pursuant to 42 U.S.C. 2000 (e)-5(f) and 16 (c) as it relates to the EEOC complaint (CMB-01-225-2 Selection).

.       8. Plaintiff filed a timely complaint with the DOJ-DEA on or about February 02, 2001, Agency Complaint No. D-02-3654, alleging discrimination by his employer on the basis of national origin (Hispanic), and retaliatory conduct (prior EEO activity).  Pursuant to the non-selection of Plaintiff for DEA vacancy announcement CMB-01-225-2 (SA David Lillo selection).   On or about June 09, 2003, Plaintiff had a hearing before an EEOC Administrative Judge.  During the EEOC hearing process, facts (documents/testimony) presented by DEA and/or its agents, officers, revealed the disparate treatment accorded to the Plaintiff during the recommending process (SAC Short List) and the Career Board meeting/deliberation process.  To include the fact that all of the notes, promotional packages and other items reviewed by the Deciding Career

Board Officials were destroyed within one (1) day of the Career Board meeting. Those promotional packages include the information upon which the Deciding Officials made their employment based decisions.

      9. On or about February 19, 2005, Plaintiff received the Final Decision of the EEOC providing Plaintiff with the right to file civil action in an appropriate United States District Court within ninety (90) calendar days.

## PARTIES

    10.   Plaintiff, Francisco X. Fernandez (hereinafter referred to as "Plaintiff" or "FERNANDEZ", is an adult male citizen of the United States, over the age of 40, and a resident of the State of Delaware. Plaintiff has been a sworn Law Enforcement Officer since 1982. In 1987, Plaintiff joined the Drug Enforcement Administration (DOJ Component) as a Special Agent (Criminal Investigator). Plaintiff was, at all relevant times, and is, a Special Agent of the Drug Enforcement Administration, a branch of the United States Department of Justice. He is of Hispanic (Cuban-American) origin. FERNANDEZ is currently assigned to the DEA's Dover Task Force Office which reports to and is part of the DEA's Philadelphia Field Division.

11.   Plaintiff has served as a Back-up Supervisor, Acting Group Supervisor (GS 14), during his 18 year employment with the DEA. Plaintiff has served within Enforcement, Task Force, Intelligence, and Asset Removal Groups, often serving as a Back-up Supervisor within the referenced DEA groups. Plaintiff has served in several Major Domestic DEA Offices as well as Overseas DEA offices. Plaintiff's Awards, Commendations, are known to DEA managers (Recommending/Deciding Officials). They include the Attorney General's Excellence in Law Enforcement, presented by then Attorney General John Ashcroft, the DEA Administrator's Group Achievement Award, other DEA job related Awards, and Awards accorded by outside agencies.

12.  Plaintiff has served as the Acting Group Supervisor (with GS 14 pay/Entitlements) in 1999, and currently as the Acting Group Supervisor of the Dover Task Force Office (since 11/28/04).  Previous supervisors have documented Plaintiff's achievements, to include the fact that Plaintiff "should be allowed to partake in DEA management's career path."   This information, as well as Plaintiff's extensive DEA background is documented and available for review by "Recommending Officials" Special Agent in Charge, and appropriate Assistant Special Agent in Charge(s) (SAC) prior to submitting the "SAC Short List to the Career Board (Deciding Officials).  In addition, the Deciding Officials, and Recommending Officials (SAC/ASAC'S) have access to documentation that would detail the applicant's qualifications for the supervisory vacancies.

. 13.  During the time the allegations took place, Plaintiff was assigned as a Special Agent of the Department of Justice-Drug Enforcement Administration.  Plaintiff has been a Special Agent (Criminal Investigator) since 1987.  Plaintiff has served within the DEA Newark (NJ) Field Division, Trenton (NJ) Temporary Post of Duty, Buenos Aires, Argentina Country Office, Philadelphia Field Division, and currently assigned to the Dover Task Force Office located in Dover, Delaware.

14.   Defendant ALBERTO GONZALES is the current Attorney General of the United States, head of the United States Department of Justice, which is an Agency of the United States and an Agency within the meaning of 42 U.S.C. Section 2000e-16(a).  Attorney General GONZALES is named in his official capacity.

15.   The Drug Enforcement Administration is a subdivision of the U.S. Department of Justice, an agency of the United States, which Agency's primary office is in Alexandria, Virginia.  It is an Agency within the meaning of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. Section 2000e-16 <u>et.seq</u>.), and more particularly within the meaning of Section 2000e-16(a) of said Act.

## NATURE OF THE CAUSE

16.   This complaint alleges employment discrimination, and violation of First Amendment Rights against FRANCISCO X. FERNANDEZ, currently assigned as Senior Special Agent to the DEA's Dover Task Force, within the DEA's Philadelphia Field

Division.

17. Plaintiff has served as a Special Agent with the Drug Enforcement Administration since 1987. From 1992 through 2005, Plaintiff has served as a back-up Group Supervisor, on occasion serving as an Acting Group Supervisor with pay entitlements. On or about the summer of 1996, Plaintiff obtained a score of 92 on DEA's Special Agent Promotion Process (SAPP), required testing for those intent on applying for supervisory positions, in the Plaintiffs case to a GS 14. With a score of 92, Plaintiff would qualify for the Best Qualified List for each supervisory GS-14 vacancy he applies for. Since 1997 through present (2005), Plaintiff has applied for well over one hundred plus supervisory positions. Most of those positions were granted to others with less qualification than the Plaintiff, to include Non-Hispanic applicants.

18. During his tenure at the Newark (NJ) Field Division, Plaintiff served as the DEA's Newark (NJ) Field Division's EEO Hispanic Employment Coordinator (circa 1990's). Plaintiff served as a liaison between Hispanic employees and DEA management, in addition to other EEO related matters. Plaintiff's previous EEO related activities are documented in his DEA Career Board Biography, which is provided to Special Agent in Charge when a Supervisory position is available within their respective Divisions. The information is provided as part of the Best Qualified candidate list for the positions.

19. During the course of DEA's existence, Hispanic as well as African American Agents have filed separate lawsuits against DEA for employment based discrimination in particular when it came to promotion of GS 14 and GS 15 Supervisor Special Agents. On or about February 6, 1981, in Henry W. Segar v. Civiletti, 508 F. Supp. 690 (D.D.C. 1981, aff'd in relevant part subj nom Segar v. Smith, 738 F. 2d 1249 (D.C. Cir. 1984) the Court found that DEA relied on subjective evaluations by supervisors in awarding promotions with DEA. The court ordered that DEA implement a non-discriminatory promotion system after having found evidence of discrimination against African-American Agents. As the Segar case is ongoing, DEA is well aware of the issues surrounding the Plaintiff's allegations.

20. In 1992, ten years after the SEGAR Court's order, DEA implemented a new

system for promotions to Grades 14 and 15. The new process relies on an evaluation process called the Special Agent Promotion Process (SAPP). Agents scoring high on the SAPP are placed on a Best Qualified List (BQL). Agents on the BQ list are considered equally qualified for promotion to vacant positions. At the same time, the Special Agent in Charge (SAC) for the division with the vacancy submits a list of his recommendations in order of preference (SAC Short List). The agency's Career Board selects an agent for the position.

21. On January 29, 1997, Plaintiffs in the SEGAR decision filed an instant motion for compliance alleging that the DEA's new promotion system continued to discriminate against African-American agents in violation of law and the Courts Order, to include the subjective selective tool of the SAC "Short List." It was argued that even if one were to make the BQL, the SAC could subjectively decide who makes the SAC Short List, which the Career Board places greater weight/consideration to.   On September 27, 1999 (Civil Action No. 77-81 (AER), part of the SEGAR case, Court noted the importance of the SAC short list, the unlimited discretion of the SAC, and the problems which can result from the Career Board's uninformed deference to the SAC short list. Court ruled that the use of the SAC short list had a disparate impact on African American agents. DEA entered into an agreement with the Plaintiffs in order to allow the use of the SAC Short List with modifications. Based on the events presented in this complaint, it is evident that the SAC Short List remains a selective employment tool that violates Title VII. To this date, DEA continues to use the SAC Short List as part of their promotional process.

22. During his tenure at the Philadelphia Field Division circa 2000, Plaintiff had made it known to senior managers at the Philadelphia Field Division of the fact that Plaintiff had been passed over on numerous occasions for supervisory positions, since on or about 1997. Plaintiff further advised the senior managers that Plaintiff believed that he was passed over for promotion because of his national origin, Hispanic. This information was provided to Assistant Special Agent in Charge (ASAC) Stephen Churchill, and others.   As detailed in this complaint, DEA ASACS have a say as a recommending official as to whom they would recommend for promotion to the Special Agent in Charge. Testimony (EEOC) provided by ASAC Churchill revealed that he had knowledge of Plaintiff's previous claims of discrimination based on his National Origin

(Hispanic) which resulted in his non-selection for supervisory vacancies (GS-14).

23. On or about September 2001, Plaintiff applied for a Supervisory Special Agent (Criminal Investigator) within the Philadelphia Field Division (Vacancy CMB-01-225-2). On or about December 05, 2001, The DEA Career Board (Deciding Officials) selected GS David Lillo as the Supervisory Special Agent over Plaintiff. SA Lillo, a non-Hispanic male, had been supervised by Plaintiff while Plaintiff served as the Senior Special Agent and Back-up Supervisory Agent in Enforcement Group 2 (Philadelphia Field Division) with SA Lillo.

24. During the course of the Plaintiffs EEOC hearing, testimony provided by the Career Board members, SAC Dempsey Jones, and others associated with the selection and promotion of SA David Lillo (CMB-01-225-2), revealed the fact that the SAC Short List utilized by the Career Board to select SA David Lillo, not only did it not include the Plaintiff, but the evidence revealed during the trial revealed that the disparate impact caused on the applicant by the use of said employment tool. SAC Dempsey Jones admitted during testimony that he had chosen Special Agent Gwendolyn Price as his top three selection on the SAC short list for vacancy CMB-02-204 based on the fact that she was a female and he had only one other female group supervisor within his division. SAC Dempsey Jones also recommended Ms. Price on his next SAC Short list (CMB-02-246). Of the three selections referenced, one of the individuals referenced on SAC Jones short list were selected for the supervisory position. This not only proves the heavy weight placed on the SAC short lists by the Career Board, but also proves that if the SAC can be subjective and choose a person based on gender, then the precise nature of that employment tool (SAC Short List) is in violation of Title VII.

25. One of the Career Board officials, after reviewing Plaintiff's Career Board Long Biography, testified that if he had been aware of Plaintiff's diversified DEA background/experience, Plaintiff should have been considered for the vacancy. Unfortunately, Career Board Officials (Deciding Officials) were not provided with

anything but a SAC Short List, and the names, without background (Career Board Short Biography), of those on the Best Qualified List.

26. A Career Board Deciding Official, who provided Testimony during the EEOC hearing and decided upon vacancy CMB-01-225-2, stated that "I voted for SA Lillo because he was on top of the list of the SAC (SAC Dempsey Jones Short List) recommendation." Evidence provided by the DEA did indeed reveal the fact that SA Lillo was listed as the first choice on the SAC Short List submitted by SAC Dempsey Jones. Once again, proving the subjective nature of that SAC Short List.

27. Other Career Board Officials were not even aware of Plaintiff's background/experience due to the fact that Plaintiff was not on the SAC Short List, and therefore, and therefore a proper employment based consideration was not accorded to Plaintiff. It should be noted that the SAC Short List for CMB-01-225-2 did not have one qualified Hispanic candidate. Neither did SAC Jones' subsequent SAC Short Lists. It is evident that the use of the SAC Short List violated Plaintiffs Civil Rights due in part to the reliance of the SAC Short List by the DEA Career Board Deciding Officials. There are other evidentiary items that will be produced at trial, to include testimony by DEA Career Board Members that would reveal their usage of the SAC Short List when making their employment based decisions, in lieu of consideration to others that were equally qualified, noted on the BQL, yet not considered based on the subjective nature of the SAC's discretionary use of the his/her Short List.

28. Testimony provided during the EEOC hearing revealed that SAC Jones did not place Plaintiff's name on the SAC Short List due in part, because the Plaintiff had not been recommended by his ASAC's, Churchill and Gary O'Hara. ASAC Churchill was aware of Plaintiff's previous claims of discriminatory/disparate treatment, ASAC O'Hara, knowing Plaintiff, provided a written affidavit stating that He was not aware that the Plaintiff (Francisco X. Fernandez) was of Hispanic Origin. SAC Jones further failed to accord Plaintiff the same employment consideration accorded those on the SAC Short List. Once again, the subjectivity surrounding the SAC Short List, Recommendation process, and the weight given the SAC Short List by the Deciding Career Board Officials, was and continuous to be an employment tool providing disparate treatment upon Plaintiff.

29. In 2003, an Independent Analysis of DEA to include its' promotion process,

revealed that Hispanics were recommended at statistically significant lower rates than white special agents, particularly applicants for the GS-14 positions (recommendations on the SAC Short List).  DEA provided the Independent Inspectors statistics from 1997 through on or about 2002.  These facts continue to mirror those found by the Honorable Judge Robinson, in September 1999, during the decision on the SAC Short List, the unlimited discretion of the SAC, and the inevitable problems that can result from the Career Board's uninformed deference to the SAC Short List.  The SEGAR Plaintiff's are currently before the Honorable Judge Sullivan (U.S. District Court for D.C.) arguing the same employment based ongoing issues.

   30.  The usage of the SAC Short List by the Career Board had a disparate impact on Plaintiff who is of Hispanic Origin.  As previously stated artificial, arbitrary, and unnecessary employer created barriers to professional development that have a discriminatory impact on individuals is barred by Title VII.   Plaintiff has applied for well over one hundred vacancy GS 14 supervisory positions since 1997 through 2005.  The employment tools/methods utilized by the DEA and its supervisors, managers and others have shown to cause a disparate impact upon Plaintiff.

   31.  Testimony provided during the EEOC hearing of FERNANDEZ, by the DEA Career Board (Deciding) Officials, revealed that during the selection of CMB-01-225-2 (SA D.Lillo), there were no notes, or other material available for review by FERNANDEZ relative to the employment based decision.  One of the Career Board Members, a high ranking member of the Drug Enforcement Administration, testified that "there are no notes taken by the Career Board Secretary during those kinds of things, it was a discussion, confidential deliberation."  The Career Board meetings are employment based decisions affecting the promotional opportunities/decisions impacting upon DEA employees, such as PLAINTIFF, and yet they were of a "secretive" nature.  This process violated PLAINTIFF'S Civil Rights as it deals with employment based decisions.

   32.  Plaintiff's First Amendment issue.  Plaintiff submitted a detailed Motion to the EEOC judge detailing DEA's discriminatory animus against the Plaintiff, and outlined the ongoing discrimination against Hispanic Agents by the DEA.  To include advising ASAC Churchill of Plaintiff's EEO related discriminatory animus.  Of importance is the fact that ASAC's of the Division where one is employed often have a

say in who is selected by the SAC on his SAC Short List.  During the EEOC hearing, the Career Board members testified, and were made aware of the Plaintiffs pleadings.  One of those Career Board Members is currently the Chairperson of the Career Board and the DEA Deputy Administrator.  Since voicing his EEO based complaints and facts, the Plaintiff has been denied several promotions through 2005.  Several of those that have been promoted had less experience/qualifications than the Plaintiff, and furthermore were Non-Hispanics.

      33.  Facts will detail not only the ongoing DEA retaliation based on a protective activity, but a clear violation of Plaintiff's Constitutional Rights, per the First Amendment.

      34.  On or about September 21, 2004, the DEA Career Board met on a decision for a Supervisory position at the Plaintiff's current office, Dover Task Force.  PLAINTIFF was recommended by SAC James Kasson on his SAC Short List.  Career Board Officials, to include senior DEA officials, aware of PLAINTIFF"S previous EEO complaints, were part of the Career Board that decided on this selection.  The selection was provided to an individual special agent who had advised DEA managers of his intent to be transferred to the Boston Field Division, was not on the SAC Short List, and furthermore, after the selection, the individual requested that the Career Board rescind his Dover Supervisory position in lieu of one in the Boston Field Division.  This individual was granted his request.   PLAINTIFF will provide facts that were presented during the Career Board meeting that will detail the obvious retaliation against the PLAINTIFF for expressing his views/opinions, and retaliation for his previous EEO based complaints.

      35.  PLAINTIFF will provide additional facts to the Court on previous Supervisory Positions applied to and denied by DEA, and its managers, since Plaintiff's initial filings/advisement of EEO related complaints to DEA senior managers.

## COUNT 1

VIOLATION OF 42 U.S.C. 2000 3-2 & 16 AGAINST ALBERTO GONZALES, THE ATTORNEY GENERAL OF THE U.S. DEPARTMENT OF JUSTICE, IN HIS OFFICIAL CAPACITY, FOR DISCRIMINATION BASED ON NATIONAL ORIGIN, VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

36. Plaintiff repeats and alleges each and every allegation in paragraphs 1 through 35, as set forth herein in full.

37. Defendant's actions complained of herein are violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000 et.seq.

38. The aforementioned actions of Defendant, its officers and managers constitute unlawful discrimination during the selection of CMB-01-225-2, and the continued ongoing retaliation for filing an EEO based complaint.

39. The Defendants utilized a subjective employment tool in denying PLAINTIFF the opportunity for promotion to GS-14.

40. Said individual acts or inactions by the employees, managers, and officers of the Defendant represent a continuing effort targeting PLAINTIFF, which were designed to and did deprive PLAINTIFF of his rights, terms, and conditions of his employment.

41. As a direct and proximate result of Defendant's unlawful and willful actions set forth above, PLAINTIFF has suffered damages and will continue to suffer damages in the future, including but to limited to:

a) Substantial impairment of career development and professional status;

b) Loss of future income

c) Loss of other fringe benefits

d) continuing humiliation, shame, and embarrassment

42. Plaintiff is entitled to an award of reasonable attorney's fees, costs and expenses related to this litigation pursuant to 42 U.S.C. 2000(e)-5(k) &16.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in favor of Plaintiff and against Defendant, Alberto Gonzales, Attorney General of the U.S. Department of Justice,

a) Declaring the acts and practices complained herein, all in violation of 42

   U.S.C. 2000e-2 & 16, pursuant to the authority of the Court under 28 U.S.C. 2201 and 2202;

b) Awarding Plaintiff actual and consequential damages plus interest in an amount determined at trial;

c) Awarding Plaintiff compensatory damages for pain, suffering, humiliation, and loss of enjoyment in an amount to be determined at trial;

d) Permanently enjoining Defendant, its agents and employees, from pursuing and continuing to pursue their illegal and unlawful discriminatory employment practices;

e) Awarding reasonable attorney fees, costs, and expenses related to the litigation pursuant to 42 U.S.C. 2000e-5(k) & 16 and Fed. R.Civ.P.54;

f) Any other and further relief as this Court may deem just and proper.

## COUNT II
## VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS, AGAINST ALBERTO GONZALES, THE ATTORNEY GENERAL OF THE U.S. DEPARTMENT OF JUSTICE, IN HIS OFFICIAL CAPACITY

43. Plaintiff repeats and alleges each and every allegation in paragraphs 1 through 35, as though set forth in full.

44. Defendants action complained of herein are violations of the First Amendment Right afforded by the U.S. Constitution.

45. Defendant's actions complained of herein are violations of the First Amendment.

46. The aforementioned actions of Defendant, its officers and managers constitute unlawful discrimination during the selection of CMB-01-225-2, and the continued ongoing retaliation for not only filing an EEO based complaint, but voicing his concerns of discriminatory practices by DEA and its managers against Plaintiff.

47. The Plaintiff verbally, and in writing, informed the Defendant, its agents, managers, of the discriminatory animus and the unlawful employment actions of the DEA managers, against the Plaintiff.

48. Said individual acts or inactions by the employees, managers, and officers of the Defendant represent a continuing effort targeting PLAINTIFF, which were designed to and did deprive PLAINTIFF of his rights, terms, and conditions of his employment.

49. As a direct and proximate result of Defendant's unlawful and willful actions set forth above, PLAINTIFF has suffered damages and will continue to suffer damages in the future, including but to limited to:

a) Substantial impairment of career development and professional status;

b) Loss of future income

c) Loss of other fringe benefits

d) continuing humiliation, shame, and embarrassment

50. Plaintiff is entitled to an award of reasonable attorney's fees, costs and expenses related to this litigation pursuant to 42 U.S.C. 2000(e)-5(k) &16.

> WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in favor of Plaintiff and against Defendant, Alberto Gonzales, Attorney General of the U.S. Department of Justice,
>
> g) Declaring the acts and practices complained herein, all in violation of 42 U.S.C. 2000e-2 & 16, pursuant to the authority of the Court under 28 U.S.C. 2201 and 2202;
>
> h) Awarding Plaintiff actual and consequential damages plus interest in an amount determined at trial;
>
> i) Awarding Plaintiff compensatory damages for pain, suffering, humiliation, and loss of enjoyment in an amount to be determined at trial;
>
> j) Permanently enjoining Defendant, its agents and employees, from pursuing and continuing to pursue their illegal and unlawful discriminatory employment practices;

k) Awarding reasonable attorney fees, costs, and expenses related to the litigation pursuant to 42 U.S.C. 2000e-5(k) & 16 and Fed. R.Civ.P.54;

l) Any other and further relief as this Court may deem just and proper.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## AGENCY UTILIZATION OF OF AN EMPLOYMENT
## TOOL IN VIOLATION OF TITLE VII

Plaintiff repeats and alleges each and every allegation in paragraphs 1 through 35, as set forth herein in full.

51. Defendant's actions complained of herein are violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000 et.seq.

52. The aforementioned actions of Defendant, its officers and managers constitute unlawful discrimination during the selection of CMB-01-225-2, and the continued ongoing utilization of a proven employment tool that has had, and continuous to have a disparate impact on Plaintiff, a Hispanic, as it applies to Plaintiffs promotional opportunities. As alleged in the foregoing paragraphs, Plaintiff has applied for consideration under numerous DEA GS 14 vacancy announcements since 1997 through April 2005. Even though, based on Plaintiff's SAPP score of 92 out of 100, Plaintiff made each and every Best Qualified List (BQL) for the referenced vacancies, Plaintiff was passed over for promotion in lieu of Non-Hispanic, and/or less qualified applicants.

53. Said individual acts or inactions by the employees, managers, and officers of the Defendant represent a continuing effort targeting PLAINTIFF, which were designed to and did deprive PLAINTIFF of his rights, terms, and conditions of his employment.

54. As a direct and proximate result of Defendant's unlawful and willful actions set forth above, PLAINTIFF has suffered damages and will continue to suffer damages in the future, including but to limited to:

a) Substantial impairment of career development and professional status;

b) Loss of future income

c) Loss of other fringe benefits

d) Continuing humiliation, shame, and embarrassment

55. Plaintiff is entitled to an award of reasonable attorney's fees, costs and expenses related to this litigation pursuant to 42 U.S.C. 2000(e)-5(k) &16.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in favor of Plaintiff and against Defendant, Alberto Gonzales, Attorney General of the U.S. Department of Justice,

a. Declaring the acts and practices complained herein, all in violation of 42 U.S.C. 2000e-2 & 16, pursuant to the authority of the Court under 28 U.S.C. 2201 and 2202; Civil Rights Act of Title VII and subsequent amendments;

b. Awarding Plaintiff actual and consequential damages plus interest in an amount determined at trial;

c. Awarding Plaintiff compensatory damages for pain, suffering, humiliation, and loss of enjoyment in an amount to be determined at trial;

d. Permanently enjoining Defendant, its agents and employees, from pursuing and continuing to pursue their illegal and unlawful discriminatory employment practices;

e. Awarding reasonable attorney fees, costs, and expenses related to the litigation pursuant to 42 U.S.C. 2000e-5(k) & 16 and Fed. R.Civ.P.54;

f. Any other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By:   Francisco X. Fernandez_____