IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRANCISCO X. FERNANDEZ, | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 05-265-SLR |
| ALBERTO GONZALES, | * | |
| UNITED STATES ATTORNEY GENERAL, | | TRIAL BY JURY REQUESTED |
| | * | |
| Defendant. | | |

...oOo...

OPENING BRIEF IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER
AND RESPONSE TO PLAINTIFF'S MOTION FOR CHANGE OF VENUE

November 10, 2005

Rod J. Rosenstein
United States Attorney for the District of Maryland

John W. Sippel, Jr.
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4807
(410) 962-9947 facsimile

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRANCISCO X. FERNANDEZ, | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 05-265-SLR |
| ALBERTO GONZALES,<br>UNITED STATES ATTORNEY GENERAL, | *<br> | TRIAL BY JURY REQUESTED |
| Defendant. | * | |

...oOo...

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

NATURE AND STAGE OF THE PROCEEDING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    Venue is Improper in the District of Delaware . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# TABLE OF AUTHORITIES

## Cases

*Myers v. American Dental Ass'n,*
    695 F.2d 716, 724 (3rd Cir. 1982) ................................. 3

*Reed v. Weeks Marine, Inc.,*
    166 F.Supp.2d 1052, 1054 (E.D. Pa. 2001) ................................. 3

*Stebbins v. State Farm Mutual Automobile Ins. Co.,*
    413 F.2d 1100, 1102 (D.C. Cir.1969) ................................. 3, 4

*Thurmon v. Martin Marietta Data Sys.,*
    596 F.Supp. 367, 368 (M.D. Pa. 1984) ................................. 3

## Statutes

42 U.S.C. 2000e *et seq.* ................................. 1

42 U.S.C. § 2000e-5(f)(3) ................................. 2, 3

## Rule

Fed. R. Civ. P. 12(b)(3) ................................. 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRANCISCO X. FERNANDEZ, | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 05-265-SLR |
| ALBERTO GONZALES, | * | |
| UNITED STATES ATTORNEY GENERAL, | | TRIAL BY JURY REQUESTED |
| | * | |
| Defendant. | | |

...oOo...

**OPENING BRIEF IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER
AND RESPONSE TO PLAINTIFF'S MOTION FOR CHANGE OF VENUE**

Alberto Gonzales, United States Attorney General, defendant herein, by his attorneys, Rod J. Rosenstein, United States Attorney for the District of Maryland, and John W. Sippel, Jr., Assistant United States Attorney for said District, submits this Opening Brief in Support of his Motion to Dismiss or, in the alternative, to Transfer and Response to Plaintiff's Motion for Change of Venue.

**NATURE AND STAGE OF THE PROCEEDING**

Plaintiff Francisco Fernandez ("Fernandez") filed his Complaint on May 4, 2005, alleging employment discrimination based on his national origin and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* (D.I. 1). On October 7, 2005, Fernandez filed a Motion for Change of Venue, requesting that his case be transferred to the Southern District of Florida. (D.I. 14).

Defendant now moves to dismiss Fernandez's Complaint due to improper venue in the District of Delaware or, in the alternative, to transfer the case to the Eastern District of Virginia.

1

## SUMMARY OF ARGUMENT

Under Title VII's venue provisions, 42 U.S.C. § 2000e-5(f)(3), venue is not proper in the District of Delaware, and is proper in the Eastern District of Virginia. The Drug Enforcement Administration ("DEA"), the Agency by which Fernandez is employed and sought promotion, has its headquarters located in Arlington, Virginia. In addition, the DEA maintains and administers it personnel records in Arlington, Virginia. All of the promotion decisions concerning Fernandez were made by the DEA's Career Board located in Arlington, Virginia. Moreover, had Fernandez been promoted, he would have been assigned to work in Philadelphia, Pennsylvania. For these reasons, venue is improper in the District of Delaware.

## STATEMENT OF FACTS

Fernandez, a Special Agent with the DEA since 1987, applied for a GS-14 position pursuant to DEA vacancy announcement CMB-01-225-2. (D.I. 1). The processing of Fernandez's application for the position advertised through DEA vacancy announcement CMB-01-225-2 occurred through the DEA's Office of Personnel and Career Board, both located in Arlington, Virginia. (Declaration of John R. McCarty, attached hereto as Exhibit ("Ex.") 1). On December 5, 2001, the Career Board met to make its final selection as to the position for DEA vacancy announcement CMB-01-225-2. *Id.* Fernandez was not selected for the position and filed an administrative complaint of discrimination with the DEA, alleging discrimination on the basis of his national origin and retaliation. (D.I. 1). After a full hearing before an administrative judge, a Final Decision was issued, rejecting Fernandez's claims of discrimination and retaliation. *Id.* Thereafter, Fernandez filed suit in federal court in the District of Delaware. *Id.*

2

## ARGUMENT

### Standard of Review

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to make a motion to dismiss for improper venue. *See* Fed. R. Civ. P. 12(b)(3). When such a motion is made, the district court must determine whether venue is proper according to the appropriate statutes. *See Reed v. Weeks Marine, Inc.*, 166 F.Supp.2d 1052, 1054 (E.D. Pa. 2001). The movant has the burden of proving that venue is improper in the selected forum. *See Myers v. American Dental Ass'n*, 695 F.2d 716, 724 (3rd Cir. 1982).

### Venue is Improper in the District of Delaware

Venue for a Title VII claim is governed by 42 U.S.C. § 2000e-5(f)(3). Section 2000e-5(f)(3) states that a Title VII action may be brought in:

> [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Courts have determined that this language sets forth four judicial districts where an employment discrimination action may be brought:

> (1) where "the unlawful employment practice is alleged to have been committed;"
> (2) where "the plaintiff would have worked but for the alleged unlawful employment practice;"
> (3) where "the employment records relevant to such practice are maintained and administered;" and
> (4) where the employer "has his principal office" if he cannot be found within the district where "the plaintiff would have worked but for the alleged unlawful employment practice."

*Thurmon v. Martin Marietta Data Sys.*, 596 F.Supp. 367, 368 (M.D. Pa.1984) (quoting *Stebbins v.*

3

*State Farm Mutual Automobile Ins. Co.*, 413 F.2d 1100, 1102 (D.C. Cir.1969). "[T]he intent of Congress to limit venue to the judicial district concerned with the alleged discrimination seems clear." *Stebbins*, 413 F.2d at 1102.

In his Motion for Change of Venue, Fernandez alleges that his Complaint should be transferred to the Southern District of Florida because he has been transferred to Miami-Dade County, Florida. (D.I. 14, at ¶ 2). In addition, Fernandez claims that several of the supervisory positions to which he applied were "advertised at the Miami Field Division of the DEA," and that "there is likelihood that DEA managers assigned to the DEA Miami Field Division would be called as witnesses." (D.I. 14, at ¶¶ 3, 6). None of these factors, however, are relevant to the analysis of determining venue under 42 U.S.C. § 2000e-5(f)(3). Indeed, Plaintiff's domicile, the location of vacancy announcement advertisements and witnesses play no role in the venue analysis under Title VII. Therefore, Fernandez's request to have his Complaint transferred to the Southern District of Florida should be denied.

Nonetheless, venue is improper in the District of Delaware. Based on the Declaration of John R. McCarty, no discrimination occurred in the State of Delaware. Indeed, all decisions concerning the selection process for vacancy announcement CMB-01-225-2 occurred through the DEA's Office of Personnel and Career Board, both located in Arlington, Virginia. (Ex.1, at ¶ 3). Thus, the alleged unlawful employment practice occurred in the State of Virginia. In addition, had Fernandez been promoted under vacancy announcement CMB-01-225-2, he would have worked in Philadelphia, Pennsylvania. (*Id.*). Fernandez's personnel records are located in Arlington, Virginia, the same place at which DEA's headquarters are located. (*Id.*, at ¶ 4.). Thus, based on the foregoing, venue in the District of Delaware is improper, and venue is proper in the Eastern District of Virginia - the

judicial district which encompasses Arlington, Virginia. Accordingly, Fernandez's Complaint should be dismissed due to improper venue or, in the alternative, transferred to the Eastern District of Virginia.

## CONCLUSION

For all of the foregoing reasons, defendant Alberto R. Gonzales, United States Attorney General, respectfully requests that plaintiff Francisco Fernandez's Motion for Change of Venue be denied, and his Complaint be dismissed due to improper venue or, in the alternative, transferred to the United States District Court for the Eastern District of Virginia.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney for the District of Maryland

Date: November 10, 2005

By: _____
John W. Sippel, Jr.
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4807
(410) 962-9947 facsimile

5