IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FRANCISCO X. FERNANDEZ,

   Plaintiff,

v.                                      C.A. No. 05-265-SLR

ALBERTO GONZALES,
UNITED STATES ATTORNEY GENERAL,

   Defendant

FILED
DEC 19 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

## NATURE AND STAGE OF THE PROCEEDINGS

On May 4, 2005, Plaintiff Francisco X. Fernandez ("Plaintiff") filed a Complaint alleging employment discrimination based on his national origin, retaliation, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000 e et. seq. In addition, Plaintiff also alleged violation of his First Amendment Right, Freedom of Speech, and the disparate impact caused by an unlawful employment tool/selection device (SAC Recommendation Memorandum) with regards to the promotion process for Grades 14, in violation of Title VII...

On October 7, 2005, Plaintiff filed a Motion for change of Venue requesting this case be transferred to the Southern District of Florida.

1

On November 10, 2005, The Government filed their response to the October 7, 2005 Motion. To date, the Government has not responded to the Complaint filed by Plaintiff. Defendants have requested that this case be dismissed or, in the alternative, transferred to the Eastern District of Virginia.

The Plaintiff's complaint contains several counts to include issues regarding violation of Plaintiff's First Amendment Rights, and the use of an unlawful employment tool (SAC Recommendation Memorandum) in violation of Title VII. Defendants are basing their November 10th, 2005 Motion on one aspect of the complaint.

## SUMMARY OF ARGUMENT

Under Title VII's venue provisions, 42 U.S.C. 2000 e-5(f) (3), venue is proper within the Southern District of Florida, as well as the District of Delaware. The District of Delaware would also share venue with regards to the Plaintiff's First Amendment Violation, due in part, to the Plaintiff's protected expressions enumerated from the DEA Dover Delaware office, and/or the DEA's Wilmington, Delaware Office.

The SAC Recommendation Memorandum is an employment tool that is prepared by the Special Agent in Charge (SAC) for each supervisory vacancy within their respective Field Divisions. The respective Field Divisions are not located within the Eastern District of Virginia, the alternative venue suggested by the Defendant's Motion. Since 1996, Plaintiff has been passed over for well over a hundred supervisory vacancy positions to include those in Miami, Florida within the Southern District of Florida.

2

If Plaintiff would have been promoted under the Miami supervisory vacancies, Plaintiff would have worked within the Miami Field Division located within the Federal Judicial District of the Southern District of Florida, providing venue under 42 U.S.C. 2000 e-5(f) (3).

The SAC Recommendation Memorandums "narrows" down the Best Qualified list for the supervisory positions, within the SAC's respective Division. The SAC drafts a Memorandum, within his respective Office, and forwards the SAC Recommendation Memorandum to the Career Board. The weight accorded to the SAC Recommendation Memorandum, by the DEA Career Board, is overwhelming to say the least. For instance, three of the positions applied to by the Plaintiff, within the Philadelphia Field Division to include the Dover, Delaware Office, were provided to one of the individuals on the SAC Recommendation Memorandum. Reference Plaintiff Exhibit VIII "Career Board Minutes."

SAC Recommendation Memorandums (Plaintiff's Exhibit VII) are prepared with the recommendations of the applicant's supervisors, and others who have information on the applicant. Plaintiff's supervisors were located within the DEA Dover, Delaware Office and the DEA's Wilmington Resident Office, located in New Castle, Delaware for several of the supervisory vacancies. SAC Recommendation Memorandums were also prepared by the SAC of the Miami Field Division for those positions applied to by the Plaintiff at the Miami Field Division. There are employment based actions/decisions that transpired within the Miami Field Division, to include the events leading to the preparation of the SAC Recommendation Memorandums, which would provide venue in the Southern District of Florida.

Plaintiff is attaching the testimony provided by the then Career Board Secretary John R. McCarty (whom also provided the affidavit attached to the Government's Motion) attesting to the fact that the Best Qualified list for each supervisory vacancy was sent to the agent in charge of the office (SAC) who would then be responsible for selecting someone to fill those positions (page 201-202 Plaintiff Exhibit III). Finally, Mr. McCarty's comments on page 246-247 where he admits to the Career Boards practice of accepting the SAC recommendation, with a possible exception as to the placement of headquarters' personnel or field personnel into headquarters. None of the positions applied to by Plaintiff were for any headquarters positions. Thus, the Miami Field Division supervisory vacancies were in fact decided by DEA managers at the Miami Field Division, located within the venue of the Southern District of Florida.

The SAC recommendation memorandums are prepared in the Field Division where the vacancy exists, and not Alexandria, Virginia. Documents, notes, and other communications utilized to prepare the SAC recommendation memorandums were maintained/reviewed by the SAC within each Field Division Office, and not at DEA HQ in Alexandria, Virginia. The Career Board secretary prepares and submits all supervisory vacancy materials to the SAC at the division where the supervisory vacancy exists. Reference the SAC Recommendation Memorandums (Plaintiff Exhibit VII), and Mr. John McCarty's testimony as to the weight accorded the SAC selections by the Career Board. Reference Plaintiff Exhibit III, EEOC testimony of Mr. John McCarty, then Career Board Secretary. Therefore, the employment based discriminatory actions were

4

initiated within the respective Field Divisions, to include the Miami Field Division. Venue would therefore be proper in the Southern District of Miami

Applicant was denied promotion, but not limited to, supervisory promotions in Delaware and Miami, Florida. Contrary to the Motion filed by the Government, the employment discrimination occurred within, but not limited to, the Miami Field Division. In light of the fact that discussions and actions for the Miami based supervisory positions took place in the Miami Field Division within the venue of the Southern District of Florida. Therefore, Venue would be proper in the Southern District of Florida. Plaintiff is attaching the SAC Recommendation Memorandums, for three of the vacancies, as Plaintiff Exhibit VII.

Government's November 10th motion refers to the fact that if Plaintiff were to have been promoted under Vacancy Announcement CMB-01-225-2, Plaintiff would have been employed within the Philadelphia Office. Government failed to address the fact that Plaintiff was also denied promotional opportunities at the DEA Dover Delaware Office, and the Miami Field Division Office, which would grant venue to the District of Delaware as well as the Southern District of Florida.

## ARGUMENT/STATEMENT OF FACTS

Plaintiff, a Special Agent with the DEA since 1987, has applied for well over a hundred supervisory vacancies since 1996. Those vacancies were located within, but not limited to, the following locations: Dover, Delaware, Philadelphia, PA, Fort Lauderdale, Florida, and Miami, Florida (both locations within the Southern District of Florida). From 2001-2005, Plaintiff applied for the supervisory vacancies from the DEA Office located in Dover, Delaware. Plaintiff has expressed his concerns, pursuant to his First Amendment Rights, that Plaintiff was denied promotional opportunity based on his National Origin, and further retaliated against by DEA managers after filing an EEO complaint. Plaintiff drafted a Memorandum to that affect dated 02/19/02, ( copy attached Marked Plaintiff I) and provided that Memorandum to the DEA's Resident Agent in Charge, located in New Castle, Delaware (see Fed Ex Air bill attached). The Memorandum and the First Amendment Protected Expressions were drafted in Dover, Delaware. Asserting Venue in Delaware.

## VENUE IS PROPER WITHIN THE DISTRICT OF DELAWARE AND SOUTHERN DISTRICT OF FLORIDA.

Venue for a Title VII claim is governed by 42 U.S.C. 2000 e-5 (f) (3) states that a Title VII action may be brought in:

(1) Any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such practices are maintained and administered, or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful

6

employment practices, but if the respondent is not found within any such district, such an action may be brought within the judicial district. In which the respondent has his principal office.

Plaintiff applied for numerous supervisory vacancies within the Miami Field Division. Employment based actions by DEA managers at the Miami Field Division, which led to the SAC Recommendation Memorandum. As indicated in this motion, the weight accorded the SAC Recommendation Memorandum by the Career Board is overwhelming, to say the least. In addition to Plaintiff's complaint that the SAC Recommendation Memorandum is an unlawful employment tool in violation of Title VII, venue would be proper in the Southern District of Florida under 42 U.S.C. 2000 e-5 (f) (3).

Plaintiff's employee personnel files were maintained at the Dover, Delaware Office during Plaintiff's tenure at that office (2001-2005). The personnel file was transferred to the Miami Field Division's Enforcement Group where the Plaintiff is currently employed. Copies of the Plaintiff's personnel file where also maintained at the Philadelphia Field Division, Personnel Unit. Each DEA Field Office maintains the personnel file for the DEA employees with copies to DEA HQ. The DEA Field Office maintains an Administrative Unit, and an assigned employee personnel assistant. Plaintiff is providing Plaintiff Exhibit V further proving that Plaintiff's personnel file was kept at the Philadelphia Field Division Offices, in Philadelphia. Plaintiff's Exhibit V depicts part of the examination of Philadelphia SAC Dempsey Jones attesting to the fact that Plaintiff's personnel file was at the Philadelphia Office. Plaintiff Exhibit V (a) details the submission of Plaintiff's Personnel File from the Philadelphia Office to the

Miami Field Division's Administrative Unit. Therefore, Plaintiff's Personnel File is now maintained within the venue of the Southern District of Florida as of September 09, 2005.

In addition, testimony provided by Mr. John McCarty, attested to by Gov't Counsel Lynn Goldstein, revealed that the DEA destroys all of the promotional packages, notes, etc... reviewed by the Career Board after their selections. Plaintiff would also include testimony by Mr. Walter Morrison, Career Board Secretary after Mr. John McCarty) further attesting to the Career Boards practice of destroying all of the documents leading to the employment based promotions/decisions ( Plaintiff Exhibit VI (a) pages 264 and 273). Therefore, the promotional packages/documents/materials reviewed by the Career Board that determined the supervisory selections, are no longer maintained at DEA Headquarters in Alexandria, Virginia. Reference Plaintiff Exhibit VI (EEOC Hearing Testimony of Mr. McCarty). In addition, the personnel file currently maintained at the Miami Field Division would include Plaintiff's employment records.

Plaintiff applied for and was denied promotional opportunities but not limited to Miami, Florida. Plaintiff would have worked at the Miami Field Division if Plaintiff would have been promoted. Plaintiff's Exhibit IV details the supervisory vacancies submitted to by the Plaintiff, of which numerous were within the Miami Field Division. Therefore, providing venue under 42 U.S.C. 2000 e-5 (f) (3).

DEA maintains an active office in Dover, Delaware, New Castle, Delaware, and the Miami, Florida areas. The referenced DEA offices fulfill DEA's mission and is staffed by a DEA supervisory personnel, DEA/Task Force Agents, and administrative personnel further attesting to the fact that the Agency thus maintains a fully functional

office, and conducts business within the Southern District of Florida, and the District of Delaware.

Plaintiff's applications for supervisory vacancies were submitted through his supervisors in Dover, Delaware, and or New Castle, Delaware (Wilmington Resident Office). See attached Memorandums titled "Request for Inclusion on Division Cable of Interest…." See Plaintiff's Exhibit IV.

Based on Plaintiff's Exhibit I attached, Discrimination and Violation of Plaintiff's First Amendment Rights did occur within the State of Delaware, when Plaintiff made his DEA Delaware supervisor aware of the discriminatory animus towards Plaintiff, in addition to the fact that the one of the supervisors involved in this Complaint had the overall supervisory oversight over the DEA offices in Delaware. The actions of DEA management derive from Plaintiff's actions in Dover, Delaware. Plaintiff's Exhibit II was a memorandum submitted through the Wilmington RO Supervisor after it was evident that DEA managers were attempting to utilize events at the DEA Dover, Delaware office in order to mask their retaliatory efforts. The events that transpired at the DEA Dover office were key to several issues raised by the Plaintiff in his complaint, to include protection under the Bill of Rights, U.S. Constitution (Freedom of Speech/Expression/Grievance).

## 28 USC 1332 (1994) DIVERSITY OF CITIZENSHIP.

### 1332 (A):

Plaintiff was a resident of the State of Delaware when the First Amendment Right Violation Complaint was filed. Plaintiff is currently a resident of the State of Florida, within the venue of the Southern District of Florida. The supervisory vacancies

denied to Plaintiff, where as a result of actions by DEA managers at the Miami Field Division, as well as other Field Divisions, and at the time of their actions, the DEA managers were not assigned to, nor did they reside within the Eastern District of Virginia (Alexandria, VA).

### 28 USC 1343 9(a) and (a) (4)

This section provides the district courts with original jurisdiction of any civil action authorized by law to be commenced by any person:

(a)(4) To recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights, including the right to vote.

Plaintiff's civil rights were violated by DEA SAC's within but not limited to the Miami Field Division when in part; those selecting officials denied Plaintiff his civil rights by utilizing a subjective employment tool (SAC Recommendation) that violates Title VII.

Plaintiff's First Amendment Rights were violated and as such, venue within the Southern District of Florida is proper.

## ARGUMENT AGAINST DISMISSAL OF COMPLAINT

**GEORGE AND EVANGELINA JUMARA v. STATE FARM**
**(3rd Circuit) No. 94-1147 Argued 09/22/04. EDPA D.C.CIV NO.94-CV-00366**

**COTTMAN TRANSMISSION SYSTEMS INC. v. Leonardo MARTINO and Trans One II inc.**

**EDPA civil 92-07245 (3rd circuit 94-1129)**

The above referenced cases were remanded to the proper court where venue lies in lieu of dismissal. Unlike Plaintiff's current case, as referenced in this motion, there were employment based decisions/events that transpired in Dover, Delaware and the Southern District of Florida, which led to Plaintiff's complaint. To include the employment based decisions by DEA managers at the Miami Field Division.

Plaintiff pleads with the Court not to dismiss this complaint.

### SUMMATION

Venue is proper within the Southern District of Florida or in the alternative, the District of Delaware. This would include Plaintiff's extensive filings for supervisory vacancy applications within the Miami Field Division, providing venue under 42 U.S.C. 2000 e-5 (f) (3) for the Title VII counts within the Southern District of Miami. Plaintiff also applied to and was denied promotional opportunities in Dover, Delaware. Furthermore, as stated in this motion, the discriminatory acts did take place within the Miami Field Division, where the SAC employment based selections/actions were initiated, and the unlawful employment tool (SAC Recommendation Memorandum), in

violation of the Civil Rights Act, was drafted and submitted. Venue would be proper within the Southern District of Florida.

Plaintiff's Motion before the Court to transfer this case to the Southern District of Florida is proper. Venue within the Eastern District of Virginia is improper.

Respectfully,

Francisco X. Fernandez
Plaintiff

## CERTIFICATE OF SERVICE

On December 13, 2005, Francisco X. Fernandez sent the following parties a copy of the attached brief via U.S. Postal Service:

Mr. John W. Sippel, Jr.
U.S. Attorney's Office for the District of Maryland
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

Office of the Clerk
U.S. District Clerk
Dist. of Delaware
Room 4209, Lockbox 18
Wilmington, Delaware 19801

Francisco X. Fernandez

F. Fenerer
8400 NW 53rd St
Apt 4
Miami Fla 33166

U.S. District Court Clerk
Dist. of Delaware
Room 4209
LockBox 18
844 King Street
Wilmington De
19801

USPS PRIORITY MAIL
U.S. POSTAGE $3.85
PRIORITY 33166
Date of sale 12/13/05
02  1P00  02313157
0 lb. 14.10 oz.

SHIP TO: WILMINGTON DE 19801

e/USPS DELIVERY CONFIRMATION
420 19801 9101 8052 1665 2028 0001 07