IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRANCISCO X. FERNANDEZ, | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 05-265-SLR |
| ALBERTO GONZALES, UNITED STATES ATTORNEY GENERAL, | * | TRIAL BY JURY REQUESTED |
| Defendant. | * | |

...oOo...

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER**

December 27, 2005

Rod J. Rosenstein
United States Attorney for the District of Maryland

John W. Sippel, Jr.
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4807
(410) 962-9947 facsimile

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRANCISCO X. FERNANDEZ, | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 05-265-SLR |
| ALBERTO GONZALES, | * | |
| UNITED STATES ATTORNEY GENERAL, | | TRIAL BY JURY REQUESTED |
| | * | |
| Defendant. | | |

...oOo...

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    Venue is Improper in the District of Delaware
    and the Southern District of Florida . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES

## Cases

*Stebbins v. State Farm Mutual Automobile Ins. Co.*,
    413 F.2d 1100, 1102 (D.C. Cir.1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Thurmon v. Martin Marietta Data Sys.*,
    596 F.Supp. 367, 368 (M.D. Pa. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

## Statutes

42 U.S.C. § 2000e-5(f)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRANCISCO X. FERNANDEZ, | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 05-265-SLR |
| ALBERTO GONZALES, | * | |
| UNITED STATES ATTORNEY GENERAL, | | TRIAL BY JURY REQUESTED |
| | * | |
| Defendant. | | |

...oOo...

## REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

Alberto Gonzales, United States Attorney General, defendant herein, by his attorneys, Rod J. Rosenstein, United States Attorney for the District of Maryland, and John W. Sippel, Jr., Assistant United States Attorney for said District, submits this Reply Brief in Support of his Motion to Dismiss or, in the alternative, to Transfer.

## INTRODUCTION

Venue of this matter is proper in the Eastern District of Virginia, and not the District of Delaware or the Southern District of Florida. Plaintiff Frank Fernandez ("Fernandez") has not presented any relevant evidence or legal basis that supports his assertion that venue is proper within the District of Delaware or the Southern District of Florida. Accordingly, the Court should either dismiss Fernandez's Complaint or, in the alternative, transfer his action to the Eastern District of Virginia.

## ARGUMENT

### Venue is Improper in the District of Delaware and the Southern District of Florida

In his Brief in Response to Defendant's Motion to Dismiss or, in the alternative, to Transfer ("Fernandez's Response"), Fernandez asserts that venue is proper in the District of Delaware and the Southern District of Florida. *See* Fernandez's Response, p. 2 (D.I. 19). Fernandez's assertion should be rejected, however, as he failed to apply the applicable law with the relevant facts to reach his conclusions.

As stated in Defendant's Opening Brief, venue for a Title VII claim is governed by 42 U.S.C. § 2000e-5(f)(3), and courts have determined there are four judicial districts where an employment discrimination action may be brought:

> (1) where "the unlawful employment practice is alleged to have been committed;"
> (2) where "the plaintiff would have worked but for the alleged unlawful employment practice;"
> (3) where "the employment records relevant to such practice are maintained and administered;" and
> (4) where the employer "has his principal office" if he cannot be found within the district where "the plaintiff would have worked but for the alleged unlawful employment practice."

*Thurmon v. Martin Marietta Data Sys.*, 596 F.Supp. 367, 368 (M.D. Pa.1984) (quoting *Stebbins v. State Farm Mutual Automobile Ins. Co.*, 413 F.2d 1100, 1102 (D.C. Cir.1969).

Venue is proper neither in the District of Delaware nor the Southern District of Florida. In support of his arguments to the contrary, Fernandez asserts that he applied for numerous supervisory vacancies within the Miami Field Division and the Dover, Delaware Office. Fernandez's Response, pp. 3, 7 (D.I. 17). In addition, Fernandez asserts that the Special Agent in Charge ("SAC") Recommendation Memoranda play a role in determining where venue is proper. Fernandez's Response, pp. 3-4 (D.I. 19).

Fernandez's reasoning is flawed. In his Complaint, it is clear that his cause of action is based on his application and non-selection for vacancy announcement CMB-01-225-2. (D.I. 1). Specifically, Fernandez alleges in Count I of his Complaint that "[t]he aforementioned actions of Defendant, its officers and managers constitute unlawful discrimination during the selection of CMB-01-225-2, and the ongoing retaliation for filing an EEO based Complaint." (D.I. 1, at ¶ 38). As indicated in Defendant's Opening Brief, the processing and final selection of vacancy announcement CMB-01-225-2 occurred through DEA's Office of Personnel and Career Board, which are located in Arlington, Virginia. *See* Defendant's Opening Brief, Exhibit ("Ex.") 1 (D.I. 17). No where in his Complaint does Fernandez include a cause of action relating to his applications for vacancies in the Miami Field Division or Dover, Delaware Office. While Fernandez may have applied for positions with the Drug Enforcement Administration's ("DEA") Miami Field Division and Dover, Delaware Office, his application and non-selection for the position are not the subject matter of his Complaint, and Fernandez has not demonstrated that any claims pertaining to his applications with the Miami or Dover Field Divisions are proper before this Court, in that Fernandez has not shown that he properly exhausted his administrative remedies as to those claims. Nonetheless, it is undisputed that the selection process for those positions would have been completed by the DEA's Office of Personnel and Career Board in Arlington, Virginia. *See* Defendant's Opening Brief, Exhibit ("Ex.") 1 (D.I. 17). Therefore, Fernandez has not established that venue is proper in the District of Delaware or the Southern District of Florida.

In addition, Fernandez asserts that the locale of where the SAC Recommendation Memoranda plays a role in determining venue. Fernandez asserts that the SAC Recommendation Memoranda submitted for the vacancies to which he applied were not generated in the Eastern

3

District of Virginia, but were prepared "in the Field Division where the vacancy exists." Fernandez's Response, p. 4 (D.I. 19). Therefore, according to Fernandez, venue would lie in the locale where the SAC Recommendation Memoranda were prepared. *Id.*, pp. 4-5. This argument fails because the unlawful employment practice at issue in this case, Fernandez's non-selection for vacancy announcement CMB-01-225-2, occurred in Arlington, Virginia. *See* Defendant's Opening Brief, Ex. 1 (D.I. 17). Fernandez has not provided any evidence or legal authority that supports his assertion that any unlawful employment practice, i.e. adverse employment action, took place in the District of Delaware or the Southern District of Florida. For these reasons, venue is not proper in the District of Delaware or the Southern District of Florida, and Fernandez's Complaint should be dismissed or, in the alternative, transferred to the Eastern District of Virginia.

As to the second possible judicial district where venue would be proper - where Fernandez would have worked but for the alleged unlawful employment practice - Fernandez does not dispute that under vacancy announcement CMB-01-225-02, he would not have worked in the District of Delaware or the Southern District of Florida. Fernandez's Response, p. 5 (D.I. 19). In support of his argument that venue is proper in the District of Delaware or the Southern District of Florida, Fernandez asserts that he was denied other promotional opportunities at the Dover, Delaware Post of Duty and the Miami Field Division. *Id.* As discussed more fully above, this argument fails because Fernandez's Complaint stems from vacancy announcement CMB-01-225-02, and not "other promotional opportunities."

Next, Fernandez attempts to assert that his personnel file was maintained at the Dover, Delaware Office, the Philadelphia Field Division, and was transferred to the Miami Field Division where Fernandez is currently employed. Fernandez' Response, p. 7 (D.I. 19). Fernandez provides

4

no relevant authority to support his assertion. (*Id.*). Fernandez cites to a portion of a transcript from an administrative hearing and an e-mail to demonstrate that his personnel file was maintained in the Field Division in which he was assigned. (*Id.*). Fernandez's argument fails as the undisputed evidence confirms that Fernandez's personnel records are maintained and administered in Arlington, Virginia at DEA headquarters. *See* Defendant's Opening Brief, Ex. 1 (D.I. 17). While a "working copy" of a DEA employee's personnel file may be in a particular Field Office to which he is assigned, an employee's Official Personnel File ("OPR"), including Fernandez's, is maintained and administered in Arlington, Virginia. *See* Declaration of John McCarty, December 23, 2005, attached hereto as Ex. 1. Because Fernandez's personnel records are maintained and administered at DEA headquarters in Arlington, Virginia, venue would be proper in the Eastern District of Virginia.

Fernandez also claims that venue is proper in the Southern District of Florida under 28 U.S.C. §§ 1332(a), 1343(a)(4). Fernandez's assertion is legally incorrect because in employment discrimination cases, the Title VII venue provisions are exclusive. *Thurmon*, 596 F.Supp. at 368.

Based on the foregoing, venue is improper in the District of Delaware. As indicated in the first Declaration of John R. McCarty, no discrimination occurred in the State of Delaware. *See* Defendant's Opening Brief, Ex. 1 (D.I. 17). All adverse employment actions concerning the selection process for vacancy announcement CMB-01-225-2 occurred through the DEA's Office of Personnel and Career Board, both located in Arlington, Virginia. Defendant's Response, Ex.1, at ¶ 3 (D.I. 17). Thus, the alleged unlawful employment practice occurred in the Eastern District of Virginia. In addition, Fernandez would have worked in Philadelphia, Pennsylvania had he been promoted under vacancy announcement CMB-01-225-2. (*Id.*). Fernandez's personnel records are located in Arlington, Virginia, the same place at which DEA's headquarters are located. (*Id.*, at ¶

5

4.); Ex. 1, ¶ 3. Thus, based on the foregoing, venue in the District of Delaware and the Southern District of Florida is improper, and venue is proper in the Eastern District of Virginia - the judicial district which encompasses Arlington, Virginia. Accordingly, Fernandez's Complaint should be dismissed due to improper venue or, in the alternative, transferred to the Eastern District of Virginia.

## CONCLUSION

For all of the foregoing reasons, defendant Alberto R. Gonzales, United States Attorney General, respectfully requests that plaintiff Francisco Fernandez's Motion for Change of Venue be denied, and his Complaint be dismissed due to improper venue or, in the alternative, transferred to the United States District Court for the Eastern District of Virginia.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney for the District of Maryland

Date: December 27, 2005

By: _____
John W. Sippel, Jr.
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4807
(410) 962-9947 facsimile

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December, 2005, two copies of Reply Brief in Support of Defendant's Motion to Dismiss or, in the alternative, to Transfer were mailed, postage pre-paid, to:

>Francisco X. Fernandez
>c/o D.E.A. Enforcement Group 4
>8400 North West 53rd Street
>Miami, Florida 33166

John W. Sippel, Jr.
Assistant United States Attorney

7