IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FRANCISCO X. FERNANDEZ,

      Plaintiff,

v.                                        C.A. No. 05-265-SLR

ALBERTO GONZALES,
UNITED STATES ATTORNEY GENERAL,

      Defendant



PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER
VENUE

1. On January 10, 2006, Plaintiff (Fernandez) received a copy of the defendant's motion dated December 27, 2005.

2. To clarify a few points raised by defendants with regards to Plaintiff's Brief in support of a transfer of Venue to the Southern District of Florida.

a) Complaint filed by Plaintiff: Paragraph 17 (page 6) Plaintiff references the numerous supervisory vacancies that Plaintiff has applied to dating back to 1997; those vacancies included the Miami Field Division vacancies applied to by the Plaintiff. The Plaintiff did not enumerate the vacancies by vacancy announcement numbers, but those vacancies were part of the complaint. DEA managers at the offices where the selections were advertised utilized an employment Selection Tool (SAC short List) that violates Title VII due to its' subjective nature, and the fact that the referenced Selection Tool has affected/violated Plaintiff's Civil Rights. The DEA has utilized and continues to utilize the referenced selection tool in violation of Title VII. In this particular case, the Southern District of Florida would have venue since the Employment Selection Tool (SAC Short List) was utilized by Miami based DEA Senior Managers in determining the supervisory positions applied to by Plaintiff. The District Court would have venue since it would address a Federal Question as it relates to the unlawful selection tool which violates Title VII, and Plaintiff's First

Attached was the verbiage that Plaintiff utilized in the Complaint to include those supervisory vacancies applied to since 1997.

4. As a result of the practices of the DOJ-DEA, Plaintiff has suffered systematic violation of his right to be free from discrimination in employment on the basis of his national origin, involvement in a protected activity, expressing his First Amendment Right to freedom of speech, and his right to be free from intimidation in the exercise of these rights. In addition, Plaintiff will argue that a selection device utilized by agency managers to decide employment actions (promotions), is subjective in nature, and thus violates Title VII which prohibits "artificial, arbitrary, and unnecessary employer created barriers to professional development that have a discriminatory impact on individuals."

Defendant's argue (page 3 #17 Motion) that Plaintiff failed to address all of the other non-selections that took place within the Miami Field Division. Plaintiff implied in his complaint that all of the non-selections were included.

Amendment Rights violations when Plaintiff informed DEA managers of their unjust discriminatory animus. (Title 28 USC 1331 Federal Question).

b) During the EEOC Hearing, Plaintiff was advised by the EEOC hearing judge that such questions regarding the selection tool (SAC Short List) were a matter for Federal Court and not the EEOC hearing process.

c) In 2003, Plaintiff applied for a supervisory slot within the Miami Field Division CMB-03-287-1. Plaintiff was denied that promotional opportunity in favor of a Non-Hispanic individual with fewer qualifications than Plaintiff. On August 06, 2003, Plaintiff did contact his DEA EEO Counselor and requested the initiation of the Administrative Complaint Process. Copies of the emails requesting the processing of the Complaint and the confirmation of receipt of the Complaint by the EEOC counselor are attached. The DEA Agency failed to respond to the complaint within the required 6 month period.

d) Those Miami DEA managers involved in the non-selection process, to include the utilization of the SAC Selection tool (SAC Short List) were based, and continue to reside/work in the Miami area within purview of the Southern District of Florida.

e) Plaintiff is not an attorney, and as such might not be as eloquent with the law, Plaintiff is trying his best to proceed with this case. It is not easy filing a complaint against a Government entity with limitless resources, and legal training. This cause is dear to Plaintiff in part due to the ongoing disparate treatment accorded to Plaintiff, and other minority members, by DEA managers when it comes to the supervisory selection process.

Based on Plaintiff's Motion submitted on December 13, 2005, and the aforementioned facts, Plaintiff pleads with the Court to transfer venue to the Southern District of Florida, or in the alternative, remain in the District of Delaware.

Respectfully,

Francisco X. Fernández
January 10, 2006



**CERTIFICATE OF SERVICE**

On January 10, 2006, 2005, Francisco X. Fernandez sent the following parties a copy of the attached brief via U.S. Postal Service:

Mr. John W. Sippel, Jr.
U.S. Attorney's Office for the District of Maryland
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

Office of the Clerk
U.S. District Clerk
Dist. of Delaware
Room 4209, Lockbox 18
844 King Street
Wilmington, Delaware 19801

Francisco X. Fernandez



Return address: 8400 NW 5st, Miami Florida 33166

Addressed to:
Office of the Court Clerk
US District Court
Room 4209
Lockbox 18
844 King Street
Wilmington DE 19801

USPS First Class Mail, $0.63 postage, 01/10/06, Wilmington DE 19801