IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANCISCO X. FERNANDEZ, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ALBERTO GONZALES, ATTORNEY )<br>GENERAL DEPARTMENT OF JUSTICE,)<br>)<br>    Defendant. ) | Civ. No. 05-265-SLR |

**O R D E R**

At Wilmington this 16th day of February, 2006, having considered plaintiff's motion for appointment of counsel;

IT IS ORDERED that said motion (D.I. 5) is denied without prejudice to renew for the reasons that follow:

1. On May 4, 2005, plaintiff commenced this action pro se against defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000.[1] (D.I. 1) Before the court is plaintiff's motion for appointment of counsel, wherein he avers:

> The Civil Rights violations addressed in the complaint filed by the Plaintiff are of great significance, and Civil Rights play an important part of Plaintiff's life. Filing a civil litigation against an agency of the United States government would entail significant legal work. Plaintiff would respectfully request the Court's consideration of the assignment of counsel to assist with the legal proceedings. Plaintiff has attempted to contract counsel however, Plaintiff cannot afford the services of an attorney.

---

[1] Plaintiff paid the $250. filing fee. (D.I. 1)

(D.I. 5)

2. Title VII proves "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney" to represent a plaintiff.[2] 42 U.S.C. § 2000e-5(f)(1). The decision to appoint counsel lies within the sole discretion of the trial judge.[3] Caster v. Colorado Springs Cablevision, 979 F.2d 1417, 1420 (10th Cir. 1992); Brown v. United States Postal Service, No. 97-7930, 1998 WL 631964 (E.D. Pa. 1998). There is no statutory or constitutional right to appointment of counsel in Title VII cases. Caster, 979 F.2d at 1420; Poindexter v. F.B.I., 737 F.2d 1173, 1179 (D.C. Cir. 1984). A court should consider the following factors in determining whether to appoint counsel: (1) plaintiff's financial ability to pay; (2) plaintiff's diligence in trying to find counsel; the meritoriousness of plaintiff's allegations; and (4) plaintiff's capacity to present his case without the assistance of counsel. Ivey v. Board of Regents of Univ. Of Alaska, 673 F.2d 266, 269 (9th Cir. 1982); Spanas v. Penn Central, 470 F.2d 806 (3d Cir. 1972); Chatterjee v. The Mathematics, Civil and Sciences Charter

---

[2]Title VII provides for an award of attorney's fees to a successful plaintiff.

[3]The court lacks the authority to "appoint" counsel in civil cases. Instead, pursuant to procedures outlined in the Court's May 25, 1999 Standing Order, the court can only "refer" matters for representation to the Federal Civil Panel which is comprised of volunteer attorneys.

School of Philadelphia, No. 01-5626, 2002 WL 1774062 (E.D. Pa. 2002); <u>Akselrad v. City of Philadelphia</u>, No. 96-5192, 1997 WL 34698 (E.D. Pa. 1997).

3. Considering plaintiff's motion against the factors outlined above, the court finds he has not demonstrated insufficient assets and income to enable him to pay for counsel. Accordingly, at this juncture, the remaining factors need not be examined.

                                                                */s/ Sue L. Robinson*
                                                          United States District Judge