IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANCISCO X. FERNANDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-265-SLR |
| | ) |
| ALBERTO GONZALES, UNITED | ) |
| STATES ATTORNEY GENERAL, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 5th day of April, 2006, having reviewed plaintiff's motion to transfer venue and defendant's motion to dismiss or transfer venue;

IT IS ORDERED that plaintiff's motion (D.I. 14) is denied and defendant's motion (D.I. 16) is granted for the reasons that follow:

1. Plaintiff, a Hispanic special agent with the Drug Enforcement Administration ("DEA"), alleges that in September 2001, he applied for vacancy announcement CMB-01-225-2, a supervisory special agent position in the Philadelphia office of the DEA. (D.I. 1, ¶23) Plaintiff was not selected for the position, he argues, because the DEA utilized a selective employment tool ("SAC Short List") that violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq. (D.I. 1) Plaintiff claims to have applied but not been selected

for "well over one hundred vacancy GS 14 supervisory positions since 1997 through 2005." (Id. at ¶30) These rejections, he claims, are based on his national origin, his involvement in protected employment opportunity activity and for his criticism of the "disparate, discriminatory, animus of the DEA promotional system." (Id. at ¶3)

2. After filing suit, plaintiff was transferred from Dover, Delaware to the DEA's Miami, Florida field office. (D.I. 14) He subsequently moved to change venue to the United States District Court for the Southern District of Florida. He claims that potential witnesses are located in Florida and, as a pro se litigant, the "financial cost of travel between Florida and Delaware would be a burden." (Id.)

3. In response, defendant moves to transfer venue to the Eastern District of Virginia and opposes plaintiff's motion to transfer to Florida. (D.I. 16) Defendant contends venue is proper in Virginia because the alleged unlawful employment practice occurred in Arlington, the locale of DEA headquarters. (D.I. 17, ex.1) Specifically, all decisions regarding the selection process for the CMB-01-225-2 vacancy occurred at DEA headquarters and all of plaintiff's personnel records are located there. According to the special agent who served as a non-voting member of the DEA Career Board and was responsible for processing applications for promotions:

> The processing of [plaintiff's] application and the selection process for vacancy announcement CMB-01-225-2 occurred through the Office of Personnel and the Career Board, both located in Arlington, Virginia. On December 5, 2001, the Career Board met to determine who would be selected for the position for vacancy announcement CMB-01-225-2. The Career Board, located in Arlington, Virginia, made the final selection decision for vacancy announcement CMB-01-225-2. Had [plaintiff] been selected for the position for vacancy announcement CMB-101-225-2, [plaintiff] would have worked in Philadelphia, Pennsylvania. DEA's headquarters are located in Arlington, Virginia. All personnel records, including [plaintiff's] personnel records, are maintained and administered in Arlington, Virginia.

(D.I. 17, ex. 1)

4.  Plaintiff asserts that this cause of action is not limited to vacancy announcement CMB-01-225-2, but is much broader and implicates his applications and non-selection for numerous vacancy announcements, including ones in Dover, Delaware and Miami, Florida.[1] (D.I. 19) Because he challenges defendant's use of the SAC as discriminatory, plaintiff argues that the locale of where the SAC is authored, i.e., the DEA field office where the vacancy exists, is the proper venue instead of the locale of DEA headquarters. (D.I. 17) Plaintiff further clarifies that his complaint references applications he made in 1997 through 2005 and that administrative procedures were

---

[1] In his opposition (D.I. 19) and supplemental response (D.I. 22), plaintiff requests that venue be transferred to Florida or, alternatively, remain in Delaware.

initiated after he was not selected for the Miami vacancy. (D.I. 22)

5. In reply, defendant argues that the complaint does not mention the Dover or Miami applications and, instead, is based specifically on plaintiff's application and non-selection for vacancy announcement CMB-01-225-2. (D.I. 21) Moreover, defendant notes that plaintiff has not demonstrated that the required administrative procedures were exhausted before filing suit on the Dover and Miami vacancies. Assuming exhaustion has occurred, however, defendant asserts venue remains appropriate in Virginia because the selection process for those positions would have been completed by the DEA's Office of Personnel and Career Board in Arlington. (D.I. 17, ex. 1)

6. Proper venue for Title VII actions is controlled by 42 U.S.C. § 2000e-5(f)(3). Courts have determined that § 2000e-5(f)(3) sets forth four judicial districts where an employment discrimination action may be brought:

> (1) where "the unlawful employment practice is alleged to have been committed;"
> (2) where "the plaintiff would have worked but for the alleged unlawful employment practice;"
> (3) where "the employment records relevant to such practice are maintained and administered;" and
> (4) where the employer "has his principal office" if he cannot be found within the district where "the plaintiff would have worked but for the alleged unlawful employment practice."

Thurmon v. Martin Marietta Data Sys., 596 F. Supp. 367, 368 (M.D. Pa. 1984)(quoting Stebbins v. State Farm Mutual Automobile Ins.

4

Co., 413 F.2d 1100, 1102(D.C. Cir. 1969); see also, EEOC v. Waffle House, Inc., 534 U.S. 279 (2002); de Rojas v. Trans States Airlines, Inc., 204 F.R.D. 265, 267 (D. N.J. 2001).

7.  Considering this authority in light of plaintiff's allegations, it is evident that venue properly lies in the Eastern District of Virginia.  Although plaintiff references a history of allegedly discriminatory conduct, he clearly centers this action, as well as his proofs, around the CMB-01-225-2 vacancy announcement.  It is uncontested that all decisions regarding that position were made in Arlington, Virginia.

IT IS FURTHER ORDERED that the Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of Virginia.

 

                                                   _____
                                                  United States District Judge